**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

CONNIE COLEMAN, as Special Administrator of )
the ESTATE OF JOHN COLEMAN, JR. )
Deceased, )
      Plaintiff, )
  )
      v. )     No.
  )
CITY OF CHICAGO, a Municipal Corporation, )
TOMASZ ZATORA, Individually and as a police )
officer for the CITY OF CHICAGO, LARRY )
BREZINSKI, Individually and as a police officer )
for the CITY OF CHICAGO, KRISTOPHE RIGAN )
Individually and as a police officer for the CITY OF )
CHICAGO, ALEXIS ZAYAS, Individually and as )
a police officer for the CITY OF CHICAGO, )
RONNIE BLACK, Individually and as a police )
officer for the CITY OF CHICAGO )
      Defendants. )

2010L011295
CALENDAR/ROOM
THE ORDO
Pi Other

**PLEASE SERVE:**
City of Chicago
c/o Clerk of City of Chicago
121 North LaSalle Street, Room 107
Chicago, IL 60602

2010 OCT 20 AM 10: 06
OFFICE OF THE CITY CLERK
RECEIVED

**SUMMONS**

To Defendant THE CITY OF CHICAGO:

    YOU ARE SUMMONED and required to file an Answer to the Complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

    Richard J. Daley Center, 50 West Washington, Room 801, Chicago, Illinois 60602

    You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____ OCT 1 8 2010

_____
Clerk of Court

Firm No. 37483
**WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C.**
**Attorneys for Plaintiff**
**111 West Washington Street, Suite 1200**
**Chicago, Illinois 60602**
**(312) 236-6324**
**(312) 236-6426 (facsimile)**

Date of service: _10/28/10_,

(To be inserted by officer on copy left with defendant
or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL**

EXHIBIT
A



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CONNIE COLEMAN, as Special Administrator of )
the ESTATE OF JOHN COLEMAN, JR. )
Deceased, )
        Plaintiff, )
)
        v. )    No.
)
CITY OF CHICAGO, a Municipal Corporation, )
TOMASZ ZATORA, Individually and as a police )
officer for the CITY OF CHICAGO, LARRY )
BREZINSKI, Individually and as a police officer )
for the CITY OF CHICAGO, KRISTOPHE RIGAN )
Individually and as a police officer for the CITY OF )
CHICAGO, ALEXIS ZAYAS, Individually and as )
a police officer for the CITY OF CHICAGO, )
RONNIE BLACK, Individually and as a police )
officer for the CITY OF CHICAGO )
        Defendants. )

**PLEASE SERVE:**
City of Chicago
c/o Clerk of City of Chicago
121 North LaSalle Street, Room 107
Chicago, IL 60602

### SUMMONS

**To Defendant THE CITY OF CHICAGO:**

    **YOU ARE SUMMONED and required to file an Answer to the Complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:**

    **Richard J. Daley Center, 50 West Washington, Room 801, Chicago, Illinois 60602**

    **You must file within 30 days after service of this Summons, not counting the day of service.**

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

    **This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.** OCT 1 8 2010

WITNESS, _____, _____

_____
Clerk of Court

Firm No. 37483
**WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C.**
**Attorneys for Plaintiff**
**111 West Washington Street, Suite 1200**
**Chicago, Illinois 60602**
**(312) 236-6324**
**(312) 236-6426 (facsimile)**

Date of service: _____, _____

(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

CONNIE COLEMAN, as Special Administrator of )
the ESTATE OF JOHN COLEMAN, JR. )
Deceased, )
                                 )
       Plaintiff, )
                                   )
       v. )    No.
                                   )
CITY OF CHICAGO, a Municipal Corporation, )
TOMASZ ZATORA, Individually and as a police )    **JURY DEMAND**
officer for the CITY OF CHICAGO, LARRY )
BREZINSKI, Individually and as a police officer )
for the CITY OF CHICAGO, KRISTOPHE RIGAN )
Individually and as a police officer for the CITY OF )
CHICAGO, ALEXIS ZAYAS, Individually and as )
a police officer for the CITY OF CHICAGO, )
RONNIE BLACK, Individually and as a police )
officer for the CITY OF CHICAGO )
                                   )
       Defendants. )
                                   )

## COMPLAINT AT LAW

### COUNT I
### (Wrongful Death – Willful & Wanton Conduct)

NOW COMES the Plaintiff, CONNIE COLEMAN, as Special Administrator of the

ESTATE OF JOHN COLEMAN, JR., Deceased, by and through her attorneys, WINTERS

ENRIGHT SALZETTA & O'BRIEN, L.L.C., and for her complaint against the Defendants,

CITY OF CHICAGO, by and through its agents and/or employees, TOMASZ ZATORA,

Individually and as a police officer for the CITY OF CHICAGO, LARRY BREZINSKI,

Individually and as a police officer for the CITY OF CHICAGO, KRISTOPHE RIGAN,

Individually and as a police officer for the CITY OF CHICAGO, ALEXIS ZAYAS, Individually

and as a police officer for the CITY OF CHICAGO and RONNIE BLACK, Individually and as a police officer for the CITY OF CHICAGO, states as follows:

1.      On or about July 11, 2010 and at all times relevant, the Defendant CITY OF CHICAGO was a municipal corporation in the County of Cook, State of Illinois.

2.      On or about July 11, 2010 and at all times relevant, the Defendant CITY OF CHICAGO maintained a police department which employed police officers who acted as agents and/or employees of CITY OF CHICAGO.

3.      On or about July 11, 2010 and at all times relevant, the Defendant TOMASZ ZATORA was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

4.      On or about July 11, 2010 and at all times mentioned herein, the Defendant TOMASZ ZATORA was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

5.      On or about July 11, 2010 and at all times relevant, the Defendant LARRY BREZINSKI was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

6.      On or about July 11, 2010 and at all times mentioned herein, the Defendant LARRY BREZINSKI was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

7.      On or about July 11, 2010 and at all times relevant, the Defendant KRISTOPHE RIGAN was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

8.      On or about July 11, 2010 and at all times mentioned herein, the Defendant KRISTOPHE RIGAN was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

9. On or about July 11, 2010 and at all times relevant, the Defendant ALEXIS ZAYAS was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

10. On or about July 11, 2010 and at all times mentioned herein, the Defendant ALEXIS ZAYAS was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

11. On or about July 11, 2010 and at all times relevant, the Defendant RONNIE BLACK was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

12. On or about July 11, 2010 and at all times mentioned herein, the Defendant RONNIE BLACK was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

13. On or about July 11, 2010, the Defendant BREZINSKI struck the Plaintiff's Decedent, JOHN COLEMAN, JR., with his baton.

14. On or about July 11, 2010, the Defendants BREZINSKI and ZATORA, wrestled the Plaintiff's Decedent to the ground.

15. On or about July 11, 2010, the Defendant ZATORA struck the Plaintiff's Decedent several times with his hands.

16. On or about July 11, 2010, the Defendant RIGAN tased the Plaintiff's Decedent with an electroshock weapon.

17. On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., was in the custody of the Defendants, CITY OF CHICAGO, by and through its officers ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, and each of them.

3

18.     On or about July 11, 2010, the Defendants BLACK and ZAYAS transported Plaintiff's Decedent, JOHN COLEMAN, JR., via CITY OF CHICAGO police vehicle to a CITY OF CHICAGO police station located at 1160 North Larrabee Avenue, Chicago, Illinois.

19.     On or about July 11, 2010, the Defendants BLACK and ZAYAS inflicted physical harm to the Plaintiff's Decedent, JOHN COLEMAN JR.

20.     On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., required medial assistance while in the custody of the CITY OF CHICAGO and its agents and/or employees ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS.

21.     On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., was in a physical condition that was of danger to his health while in the custody of the CITY OF CHICAGO and its agents and/or employees ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS.

22.     On or about July 11, 2010, the Defendants, CITY OF CHICAGO, ZATARO, RIGAN, BREZINSKI, BLACK and ZAYAS, themselves created and/or contributed to said danger to the Plaintiff's Decedent.

23.     On or about July 11, 2010 and at all times relevant, it was the duty of the CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, to obtain immediate medical care on behalf of the Plaintiff's Decedent, JOHN COLEMAN, JR., when they knew or should have known from their observations that he was in need of immediate medical care.

24.     On or about July 11, 2010, the Defendants CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI,

4

BLACK and ZAYAS, knew or should have known that the Plaintiff's Decedent, JOHN COLEMAN, JR., was in need of immediate medical attention.

25.     On or about July 11, 2010, the Defendants CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, failed to summon or provide access to medical care for the Plaintiff's Decedent while said care could have been effective.

26.     On or about July 11, 2010, the above described conduct of the Defendants, CITY OF CHICAGO, ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, was recklessly willful and wanton and said Defendants acted in a manner that showed an utter indifference to or conscious disregard for the safety of the Plaintiff's Decedent, JOHN COLEMAN, JR.

27.     On or about July 11, 2010, as a proximate result of the foregoing willful and wanton acts or omissions by the Defendant, CITY OF CHICAGO, by and through its agents and/or employees ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, and each of them individually, Plaintiff's Decedent, JOHN COLEMAN, JR., suffered injuries of a personal and pecuniary nature which resulted in his death.

28.     On or about July 11, 2010, and for some time prior thereto, there was in full force and effect in the state of Illinois a certain act commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)

> Every such action shall be brought by and in the names of the personal

representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

29. That on July 26, 2010, pursuant to order of the Circuit Court of Cook County, Illinois, CONNIE COLEMAN was appointed Special Administrator of the Estate of JOHN COLEMAN, JR., Deceased, for the purposes of prosecuting this action. Said order was entered under case number 2010 L 008571 and said prior case was previously voluntarily dismissed with the Order appointing Special Administrator to stand.

WHEREFORE, the Plaintiff, CONNIE COLEMAN, Individually and as Special Administrator of the Estate of CONNIE COLEMAN, deceased, demands judgment against the Defendants, CITY OF CHICAGO, by and through its agents and/or employees, and LARRY BREZINSKI, KRISTOPHE RIGAN, ALEXIS ZAYA and RONNIE BLACK, in excess of $50,000.00 and such additional amounts as the jury and Court shall deem proper plus costs.

## COUNT II
### (Survival – Willful & Wanton Conduct)

NOW COMES the Plaintiff, CONNIE COLEMAN, as Special Administrator of the ESTATE OF JOHN COLEMAN, JR., Deceased, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and for her complaint against the Defendants, CITY OF CHICAGO, TOMASZ ZATORA, Individually and as a police officer for the CITY OF CHICAGO, LARRY BREZINSKI, Individually and as a police officer for the CITY OF CHICAGO, KRISTOPHE RIGAN, Individually and as a police officer for the CITY OF CHICAGO, ALEXIS ZAYAS, Individually and as a police officer for the CITY OF CHICAGO

6

and RONNIE BLACK, Individually and as a police officer for the CITY OF CHICAGO, states as follows:

1-28.   Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 27 of Count I of this Complaint at Law as if fully set forth herein.

29.   That as a direct and proximate result of the aforesaid negligence acts and/or omissions of the Defendants and each of them, JOHN COLEMAN, JR. then and there suffered severe and permanent injuries both externally and internally, resulting in conscious pain and suffering both of mind and body and was hindered and prevented from attending to his usual duties and affairs and lost the value of that time as aforementioned. JOHN COLEMAN, JR. further extended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries. All of these foregoing damages continued until the demise of JOHN COLEMAN, JR. on July 11, 2010.

30.   That on July 26, 2010, pursuant to order of the Circuit Court of Cook County, Illinois, CONNIE COLEMAN was appointed Special Administrator of the Estate of JOHN COLEMAN, JR., Deceased, for the purposes of prosecuting this action. Said order was entered under case number 2010 L 008571 and said prior case was previously voluntarily dismissed with the Order appointing Special Administrator to stand.

WHEREFORE, the Plaintiff, CONNIE COLEMAN, as Special Administrator of the Estate of JOHN COLEMAN, deceased, demands judgment against the Defendants, CITY OF CHICAGO, by and through its agents and/or employees, and LARRY BREZINSKI, KRISTOPHE RIGAN, ALEXIS ZAYA and RONNIE BLACK, in excess of $50,000.00 and such additional amounts as the jury and Court shall deem proper plus costs.

## COUNT III
### (Federal Civil Rights Claim 42 U.S.C. §§ 1983 and 1988 – Excessive Force)

NOW COMES the Plaintiff, CONNIE COLEMAN, as Special Administrator of the ESTATE OF JOHN COLEMAN, JR., Deceased, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and for her complaint against the Defendants, TOMASZ ZATORA, Individually and as a police officer for the CITY OF CHICAGO, LARRY BREZINSKI, Individually and as a police officer for the CITY OF CHICAGO, KRISTOPHE RIGAN, Individually and as a police officer for the CITY OF CHICAGO, ALEXIS ZAYAS, Individually and as a police officer for the CITY OF CHICAGO and RONNIE BLACK, Individually and as a police officer for the CITY OF CHICAGO, states as follows:

1.     On or about July 11, 2010 and at all times relevant, the Defendant CITY OF CHICAGO was a municipal corporation in the County of Cook, State of Illinois.

2.     On or about July 11, 2010 and at all times relevant, the Defendant CITY OF CHICAGO maintained a police department which employed police officers who acted as agents and employees of CITY OF CHICAGO.

3.     On or about July 11, 2010 and at all times relevant, the Defendant TOMASZ ZATORA was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

4.     On or about July 11, 2010 and at all times mentioned herein, the Defendant TOMASZ ZATORA was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

5.     On or about July 11, 2010 and at all times relevant, the Defendant LARRY BREZINSKI was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

8

6. On or about July 11, 2010 and at all times mentioned herein, the Defendant LARRY BREZINSKI was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

7. On or about July 11, 2010 and at all times relevant, the Defendant KRISTOPHE RIGAN was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

8. On or about July 11, 2010 and at all times mentioned herein, the Defendant KRISTOPHE RIGAN was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

9. On or about July 11, 2010 and at all times relevant, the Defendant ALEXIS ZAYAS was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

10. On or about July 11, 2010 and at all times mentioned herein, the Defendant ALEXIS ZAYAS was acting within the scope of her agency and/or employment as a police officer with the CITY OF CHICAGO.

11. On or about July 11, 2010 and at all times relevant, the Defendant RONNIE BLACK was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

12. On or about July 11, 2010 and at all times mentioned herein, the Defendant RONNIE BLACK was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

13. On or about July 11, 2010, the Defendant BREZINSKI struck the Plaintiff's Decedent, JOHN COLEMAN, JR., with his baton.

14. On or about July 11, 2010, the Defendants BREZINSKI and ZATORA, wrestled the Plaintiff's Decedent to the ground.

9

15. On or about July 11, 2010, the Defendant ZATORA struck the Plaintiff's Decedent several times with his hands.

16. On or about July 11, 2010, the Defendant RIGAN tased the Plaintiff's Decedent with an electroshock weapon.

17. On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., was in the custody of the Defendants, CITY OF CHICAGO, by and through its officers ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS.

18. On or about July 11, 2010, the Defendants BLACK and ZAYAS transported Plaintiff's Decedent, JOHN COLEMAN, JR., via CITY OF CHICAGO police vehicle to a CITY OF CHICAGO police station located at 1160 North Larrabee Avenue, Chicago, Illinois.

19. On or about July 11, 2010, the Defendants BLACK and ZAYAS inflicted physical harm to the Plaintiff's Decedent, JOHN COLEMAN JR.

20. On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., required medial assistance while in the custody of the CITY OF CHICAGO and its agents and/or employees ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS.

21. On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., was in a physical condition that was of danger to his health while in the custody of the CITY OF CHICAGO and its agents and/or employees ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS.

22. On or about July 11, 2010, the Defendants, CITY OF CHICAGO, ZATARO, RIGAN, BREZINSKI, BLACK and ZAYAS, themselves created and/or contributed to said danger to the Plaintiff's Decedent.

23. On or about July 11, 2010 and at all times relevant, it was the duty of the CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, to obtain immediate medical care on behalf of the Plaintiff's Decedent, JOHN COLEMAN, JR., when they knew or should have known from their observations that he was in need of immediate medical care.

24. On or about July 11, 2010, the Defendants CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, knew or should have known that the Plaintiff's Decedent, JOHN COLEMAN, JR., was in need of immediate medical attention.

25. On or about July 11, 2010, the Defendants CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, failed to summon or provide access to medical care for Plaintiff's Decedent while said care could have been effective.

26. On or about July 11, 2010 and at all times mentioned herein, the actions of the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS mentioned herein were performed under the color of the authority of Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS as police officers for the CITY OF CHICAGO.

27. On or about July 11, 2010, the Defendants CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, and each of them, used a level of force on Plaintiff's Decedent, JOHN COLEMAN JR., greater than was reasonably necessary under the circumstances and said force was not used in good faith to restore or maintain discipline, but for the purpose of causing harm.

28. On or about July 11, 2010 and at all times relevant, Plaintiff's Decedent, JOHN COLEMAN, JR., did not pose a significant threat of death or serious physical injury to any person, including the Defendants.

29. As a result of the foregoing willful, malicious and intentional acts of inflicting physical harm to the Plaintiff's Decedent, the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS effected an unreasonable seizure of JOHN COLEMAN, JR.'S person and an unconstitutional use of deadly force intending to punish the Plaintiff's Decedent without due process of law.

30. At all times relevant, Defendants, ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, as law enforcement officers, had the duty to use deadly force only when authorized and permitted by the Constitution of the United States.

31. As a proximate result of the aforementioned conduct of one or more of the Defendants, the Plaintiff's Decedent, JOHN COLEMAN, JR. was deprived of rights, privileges and immunities secured to him under the Constitution and laws of the United States including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, to be secure in his person, to be free from the use of deadly force, to be free from punishment without due process, and to equal protection of the laws.

32. The aforementioned actions of the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS with the use of excessive force was in violation of Plaintiff's Decedent's right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of the law.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff, CONNIE COLEMAN, as

12

Special Administrator of the Estate of JOHN COLEMAN, deceased, seeks the following relief against the Defendants, LARRY BREZINSKI, KRISTOPHE RIGAN, ALEXIS ZAYA and RONNIE BLACK: (a) compensatory and punitive damages in an amount commensurate with the loss of life and liberty of Plaintiff's Decedent, JOHN COLEMAN, JR., and the loss of liberty and continued association with the Plaintiff's Decedent, (b) attorney's fees and costs pursuant to 42 U.S.C. § 1988 and (c) any other relief that the Court deems necessary and proper.

### COUNT IV
### (Federal Civil Rights Claim 42 U.S.C. §§ 1983 and 1988 – Deprivation of Medical Care)

NOW COMES the Plaintiff, CONNIE COLEMAN, as Special Administrator of the ESTATE OF JOHN COLEMAN, JR., Deceased, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and for her complaint against the Defendants, TOMASZ ZATORA, Individually and as a police officer for the CITY OF CHICAGO, LARRY BREZINSKI, Individually and as a police officer for the CITY OF CHICAGO, KRISTOPHE RIGAN, Individually and as a police officer for the CITY OF CHICAGO, ALEXIS ZAYAS, Individually and as a police officer for the CITY OF CHICAGO and RONNIE BLACK, Individually and as a police officer for the CITY OF CHICAGO, states as follows:

1.      On or about July 11, 2010 and at all times relevant, the Defendant CITY OF CHICAGO was a municipal corporation in the County of Cook, State of Illinois.

2.      On or about July 11, 2010 and at all times relevant, the Defendant CITY OF CHICAGO maintained a police department which employed police officers who acted as agents and employees of CITY OF CHICAGO.

3.      On or about July 11, 2010 and at all times relevant, the Defendant TOMASZ ZATORA was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

13

4.    On or about July 11, 2010 and at all times mentioned herein, the Defendant TOMASZ ZATORA was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

5.    On or about July 11, 2010 and at all times relevant, the Defendant LARRY BREZINSKI was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

6.    On or about July 11, 2010 and at all times mentioned herein, the Defendant LARRY BREZINSKI was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

7.    On or about July 11, 2010 and at all times relevant, the Defendant KRISTOPHE RIGAN was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

8.    On or about July 11, 2010 and at all times mentioned herein, the Defendant KRISTOPHE RIGAN was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

9.    On or about July 11, 2010 and at all times relevant, the Defendant ALEXIS ZAYAS was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

10.    On or about July 11, 2010 and at all times mentioned herein, the Defendant ALEXIS ZAYAS was acting within the scope of her agency and/or employment as a police officer with the CITY OF CHICAGO.

11.    On or about July 11, 2010 and at all times relevant, the Defendant RONNIE BLACK was an agent and/or employee police officer of the Defendant CITY OF CHICAGO.

12. On or about July 11, 2010 and at all times mentioned herein, the Defendant RONNIE BLACK was acting within the scope of his agency and/or employment as a police officer with the CITY OF CHICAGO.

13. On or about July 11, 2010, the Defendant BREZINSKI struck the Plaintiff's Decedent, JOHN COLEMAN, JR., with his baton.

14. On or about July 11, 2010, the Defendants BREZINSKI and ZATORA, wrestled the Plaintiff's Decedent to the ground.

15. On or about July 11, 2010, the Defendant ZATORA struck the Plaintiff's Decedent several times with his hands.

16. On or about July 11, 2010, the Defendant RIGAN tased the Plaintiff's Decedent with an electroshock weapon.

17. On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., was in the custody of the Defendants, CITY OF CHICAGO, by and through its officers ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS.

18. On or about July 11, 2010, the Defendants BLACK and ZAYAS transported Plaintiff's Decedent, JOHN COLEMAN, JR., via CITY OF CHICAGO police vehicle to a CITY OF CHICAGO police station located at 1160 North Larrabee Avenue, Chicago, Illinois.

19. On or about July 11, 2010, the Defendants BLACK and ZAYAS inflicted physical harm to the Plaintiff's Decedent, JOHN COLEMAN JR.

20. On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., required medial assistance while in the custody of the CITY OF CHICAGO and its agents and/or employees ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS.

15

21.     On or about July 11, 2010, the Plaintiff's Decedent, JOHN COLEMAN, JR., was in a physical condition that was of danger to his health while in the custody of the CITY OF CHICAGO and its agents and/or employees ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS.

22.     On or about July 11, 2010, the Defendants, CITY OF CHICAGO, ZATARO, RIGAN, BREZINSKI, BLACK and ZAYAS, themselves created and/or contributed to said danger to the Plaintiff's Decedent.

23.     On or about July 11, 2010 and at all times relevant, it was the duty of the CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, to obtain immediate medical care on behalf of the Plaintiff's Decedent, JOHN COLEMAN, JR., when they knew or should have known from their observations that he was in need of immediate medical care.

24.     On or about July 11, 2010, the Defendants CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, knew or should have known that the Plaintiff's Decedent, JOHN COLEMAN, JR., was in need of immediate medical attention.

25.     On or about July 11, 2010, the Defendants CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, failed to summon or provide access to medical care for the Plaintiff's Decedent while said care could have been effective.

26.     On or about July 11, 2010 and at all times mentioned herein, the actions of the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS mentioned herein were

performed under the color of the authority of Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS as police officers for the CITY OF CHICAGO.

27.    On or about July 11, 2010, the Defendants CITY OF CHICAGO, by and through its agents and/or employees, including but not limited to ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, and each of them, used a level of force on Plaintiff's Decedent, JOHN COLEMAN JR., greater than was reasonably necessary under the circumstances and said force was not used in good faith to restore or maintain discipline, but for the purpose of causing harm.

28.    On or about July 11, 2010 and at all times relevant, Plaintiff's Decedent, JOHN COLEMAN, JR., did not pose a significant threat of death or serious physical injury to any person, including the Defendants.

29.    As a result of the foregoing willful, malicious and intentional acts of inflicting physical harm to the Plaintiff's Decedent, the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS effected an unreasonable seizure of JOHN COLEMAN, JR.'S person and an unconstitutional use of deadly force intending to punish the Plaintiff's Decedent without due process of law.

30.    At all times relevant, Defendants, ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, as law enforcement officers, had the duty to use deadly force only when authorized and permitted by the Constitution of the United States.

31.    As a proximate result of the aforementioned conduct of one or more of the Defendants, the Plaintiff's Decedent, JOHN COLEMAN, JR. was deprived of rights, privileges and immunities secured to him under the Constitution and laws of the United States including his rights under the Fourteenth Amendment to the United States Constitution, to be free from punishment without due process and to equal protection of the law.

17

32. The aforementioned deprivation of medical care by the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS was in violation of Plaintiff's Decedent's right under the Fourteenth Amendment of the United States Constitution to due process of the law and to equal protection of the law.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff, CONNIE COLEMAN, as Special Administrator of the Estate of JOHN COLEMAN, deceased, seeks the following relief against the Defendants, LARRY BREZINSKI, KRISTOPHE RIGAN, ALEXIS ZAYA and RONNIE BLACK: (a) compensatory and punitive damages in an amount commensurate with the loss of life and liberty of Plaintiff's Decedent, JOHN COLEMAN, JR., and the loss of liberty and continued association with the Plaintiff's Decedent, (b) attorney's fees and costs pursuant to 42 U.S.C. § 1988 and (c) any other relief that the Court deems necessary and proper.

**COUNT V**
**(Federal Civil Rights Claim 42 U.S.C. §§ 1983 and 1988 – False Arrest)**

NOW COMES the Plaintiff, CONNIE COLEMAN, as Special Administrator of the ESTATE OF JOHN COLEMAN, JR., Deceased, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and for her complaint against the Defendants, TOMASZ ZATORA, Individually and as a police officer for the CITY OF CHICAGO, LARRY BREZINSKI, Individually and as a police officer for the CITY OF CHICAGO, KRISTOPHE RIGAN, Individually and as a police officer for the CITY OF CHICAGO, ALEXIS ZAYAS, Individually and as a police officer for the CITY OF CHICAGO and RONNIE BLACK, Individually and as a police officer for the CITY OF CHICAGO, states as follows:

1-30. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 30 of Count IV of this Complaint at Law as if fully set forth herein as Paragraphs 1 through 30 of this Count V.

18

31.     The aforementioned actions of the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS with the use of excessive force was in violation of Plaintiff's Decedent's right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of the law.

32.     The aforementioned deprivation of medical care by the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS was in violation of Plaintiff's Decedent's right under the Fourteenth Amendment of the United States Constitution to due process of the law and to equal protection of the law.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff, CONNIE COLEMAN, as Special Administrator of the Estate of JOHN COLEMAN, deceased, seeks the following relief against the Defendants, LARRY BREZINSKI, KRISTOPHE RIGAN, ALEXIS ZAYA and RONNIE BLACK: (a) compensatory and punitive damages in an amount commensurate with the loss of life and liberty of Plaintiff's Decedent, JOHN COLEMAN, JR., and the loss of liberty and continued association with the Plaintiff's Decedent, (b) attorney's fees and costs pursuant to 42 U.S.C. § 1988 and (c) any other relief that the Court deems necessary and proper.

**COUNT VI**
**(Federal Civil Rights Claim 42 U.S.C. §§ 1983 and 1988 – Failure to Intervene)**

NOW COMES the Plaintiff, CONNIE COLEMAN, as Special Administrator of the ESTATE OF JOHN COLEMAN, JR., Deceased, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and for her complaint against the Defendants, TOMASZ ZATORA, Individually and as a police officer for the CITY OF CHICAGO, LARRY BREZINSKI, Individually and as a police officer for the CITY OF CHICAGO, KRISTOPHE RIGAN, Individually and as a police officer for the CITY OF CHICAGO, ALEXIS ZAYAS,

19

Individually and as a police officer for the CITY OF CHICAGO and RONNIE BLACK, Individually and as a police officer for the CITY OF CHICAGO, states as follows:

1-30.    Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 30 of Count IV of this Complaint at Law as if fully set forth herein as Paragraphs 1 through 30 of this Count VI.

31.    On or about July 11, 2010, the Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS were present during and observed the aforementioned actions of each other Defendant.

32.    The actions or inactions of Defendants ZATORA, RIGAN, BREZINSKI, BLACK and ZAYAS, Individually and as police officers for the CITY OF CHICAGO, in failing to intervene to protect the Plaintiff's Decedent, JOHN COLEMAN, JR. from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated the Plaintiff's Decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were an direct and proximate result of the decedent's injuries described above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff, CONNIE COLEMAN, as Special Administrator of the Estate of JOHN COLEMAN, deceased, seeks the following relief against the Defendants, LARRY BREZINSKI, KRISTOPHE RIGAN, ALEXIS ZAYA and RONNIE BLACK: (a) compensatory and punitive damages in an amount commensurate with the loss of life and liberty of Plaintiff's Decedent, JOHN COLEMAN, JR., and the loss of liberty and continued association with the Plaintiff's Decedent, (b) attorney's fees and costs pursuant to 42 U.S.C. § 1988 and (c) any other relief that the Court deems necessary and proper.

## COUNT VII
### (Assault and Battery – Willful & Wanton Conduct)

NOW COMES the Plaintiff, CONNIE COLEMAN, as Special Administrator of the ESTATE OF JOHN COLEMAN, JR., Deceased, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and for her complaint against the Defendants, CITY OF CHICAGO, by and through its agents and/or employees, TOMASZ ZATORA, Individually and as a police officer for the CITY OF CHICAGO, LARRY BREZINSKI, Individually and as a police officer for the CITY OF CHICAGO, KRISTOPHE RIGAN, Individually and as a police officer for the CITY OF CHICAGO, ALEXIS ZAYAS, Individually and as a police officer for the CITY OF CHICAGO and RONNIE BLACK, Individually and as a police officer for the CITY OF CHICAGO, states as follows:

1-30.    Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 30 of Count IV of this Complaint at Law as if fully set forth herein as Paragraphs 1 through 30 of this Count VI.

31.    The aforementioned course of conduct taken by the Defendants, particularly in their use of excessive force, constituted a willful and wanton assault and batter upon the Plaintiff's Decedent, JOHN COLEMAN, JR.

32.    Each Defendant intended to willfully and wantonly commit assault and battery upon the Plaintiff's Decedent, JOHN COLEMAN, JR.

34.    As a direct and proximate result of each Defendant's willful and wanton assault and batter, the Plaintiff's Decedent, JOHN COLEMAN, JR., suffered injuries of a personal and pecuniary nature eventually resulting in his death on July 11, 2010.

WHEREFORE, the Plaintiff, CONNIE COLEMAN, Individually and as Special Administrator of the Estate of CONNIE COLEMAN, deceased, demands judgment against the

21

Defendants, CITY OF CHICAGO, by and through its agents and/or employees, and LARRY BREZINSKI, KRISTOPHE RIGAN, ALEXIS ZAYA and RONNIE BLACK, in excess of $50,000.00 and such additional amounts as the jury and Court shall deem proper plus costs.

**COUNT VIII**
**(Survival – Willful & Wanton Conduct)**

NOW COMES the Plaintiff, CONNIE COLEMAN, as Special Administrator of the ESTATE OF JOHN COLEMAN, JR., Deceased, by and through her attorneys, WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C., and for her complaint against the Defendants, CITY OF CHICAGO, TOMASZ ZATORA, Individually and as a police officer for the CITY OF CHICAGO, LARRY BREZINSKI, Individually and as a police officer for the CITY OF CHICAGO, KRISTOPHE RIGAN, Individually and as a police officer for the CITY OF CHICAGO, ALEXIS ZAYAS, Individually and as a police officer for the CITY OF CHICAGO and RONNIE BLACK, Individually and as a police officer for the CITY OF CHICAGO, states as follows:

1-34. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 34 of Count VII of this Complaint at Law as if fully set forth herein as Paragraphs 1 through 34 of this Count VIII.

35. That as a direct and proximate result of the aforesaid negligence acts and/or omissions of the Defendants and each of them, JOHN COLEMAN, JR. then and there suffered severe and permanent injuries both externally and internally, resulting in conscious pain and suffering both of mind and body and was hindered and prevented from attending to his usual duties and affairs and lost the value of that time as aforementioned. JOHN COLEMAN, JR. further extended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries. All of these foregoing damages

continued until the demise of JOHN COLEMAN, JR. on July 11, 2010.

36.     That on July 26, 2010, pursuant to order of the Circuit Court of Cook County, Illinois, CONNIE COLEMAN was appointed Special Administrator of the Estate of JOHN COLEMAN, JR., Deceased, for the purposes of prosecuting this action.  Said order was entered under case number 2010 L 008571 and said prior case was previously voluntarily dismissed with the Order appointing Special Administrator to stand.

WHEREFORE, the Plaintiff, CONNIE COLEMAN, as Special Administrator of the Estate of JOHN COLEMAN, deceased, demands judgment against the Defendants, CITY OF CHICAGO, by and through its agents and/or employees, and LARRY BREZINSKI, KRISTOPHE RIGAN, ALEXIS ZAYA and RONNIE BLACK, in excess of $50,000.00 and such additional amounts as the jury and Court shall deem proper plus costs.

Respectfully submitted,

WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C.

By _____
       John F. Winters, Jr.

WINTERS, ENRIGHT, SALZETTA & O'BRIEN, L.L.C.
111 W. Washington Street
Suite 1200
Chicago, Illinois 60602
(312) 236-6324
www.wesolaw.com

23

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CONNIE COLEMAN, as Special Administrator of )
the ESTATE OF JOHN COLEMAN, JR. )
Deceased, )
                         )
           Plaintiff, )
                         )      No.
      v. )
                         )
CITY OF CHICAGO, a Municipal Corporation, )
TOMASZ ZATORA, Individually and as a police )     **JURY DEMAND**
officer for the CITY OF CHICAGO, LARRY )
BREZINSKI, Individually and as a police officer )
for the CITY OF CHICAGO, KRISTOPHE RIGAN)
Individually and as a police officer for the CITY OF)
CHICAGO, ALEXIS ZAYAS, Individually and as )
a police officer for the CITY OF CHICAGO, )
RONNIE BLACK, Individually and as a police )
officer for the CITY OF CHICAGO )
                         )
           Defendants. )
                         )

### SUPREME COURT RULE 222(b) AFFIDAVIT

      The undersigned, John F. Winters, Jr. does hereby state under oath and under penalty of
perjury:

1.    My name is John F. Winters, Jr.
2.    I represent the Plaintiff in the above-captioned case.
3.    The Plaintiff is seeking damages in excess of $50,000.00.
4.    FURTHER AFFIANT SAYETH NOT.

                                       _____
                                       John F. Winters, Jr.

**Winters Enright Salzetta & O'Brien, L.L.C.**    Subscribed to and sworn before me this
111 West Washington Street, Suite 1200
Chicago, Illinois 60602                    ___th day of October, 2010.
(312) 236-6324
(312) 236-6426 Fax
Firm No. 37483
www.wesolaw.com                     _____
                            NOTARY PUBLIC

> OFFICIAL SEAL
> ANNAT STEIN
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:07/10/12

24

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CONNIE COLEMAN, as Special Administrator of )
the ESTATE OF JOHN COLEMAN, JR. )
Deceased, )
                 )
        Plaintiff, )
                 )
        v. )      No.
                 )
CITY OF CHICAGO, a Municipal Corporation, )
TOMASZ ZATORA, Individually and as a police )    **JURY DEMAND**
officer for the CITY OF CHICAGO, LARRY )
BREZINSKI, Individually and as a police officer )
for the CITY OF CHICAGO, KRISTOPHE RIGAN )
Individually and as a police officer for the CITY OF )
CHICAGO, ALEXIS ZAYAS, Individually and as )
a police officer for the CITY OF CHICAGO, )
RONNIE BLACK, Individually and as a police )
officer for the CITY OF CHICAGO )
                 )
        Defendants. ),
                 )

## JURY DEMAND

The undersigned hereby demands a trial by a jury of 12 on behalf of the plaintiff.

Respectfully submitted,

**WINTERS ENRIGHT SALZETTA & O'BRIEN, L.L.C.**

By: _____
       John F. Winters, Jr., Attorney for the Plaintiff

**Winters Enright Salzetta & O'Brien, L.L.C.**
111 West Washington Street, Suite 1200
Chicago, Illinois 60602
(312) 236-6324
(312) 236-6426 Fax
Firm No. 37483
www.wesolaw.com

Oct-29-2010 04:46 PM                              3/4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CONNIE COLEMAN, as Special Administrator of )
the ESTATE OF JOHN COLEMAN, JR.               )
Deceased,                                     )
        Plaintiff,                            )
                                 )
        v.                                    )    No.    2010 L 011895
                                 )
CITY OF CHICAGO, a Municipal Corporation,     )
TOMASZ ZATORA, Individually and as a police   )    **JURY DEMAND**
officer for the CITY OF CHICAGO, LARRY        )
BREZINSKI, Individually and as a police officer )
for the CITY OF CHICAGO, KRISTOPHE RIGAN)
Individually and as a police officer for the CITY OF)
CHICAGO, ALEXIS ZAYAS, Individually and as )
a police officer for the CITY OF CHICAGO,     )
RONNIE BLACK, Individually and as a police    )
officer for the CITY OF CHICAGO               )
        Defendants.                           )

## ORDER

    This matter coming to be heard on the Plaintiff's Emergency Motion for an Order of
Protective for the Preservation of Evidence, against the City of Chicago, the Chicago Police
Department, Cook County Medical Examiner's Office and the Independent Police Review
Authority, with the Court being fully advised in the premises;

    **IT IS HEREBY ORDERED:**

    1.    That any and all Chicago Police Department investigative reports, witness
statements, interview notes, surveillance camera, audio recordings, police station surveillance
camera videotapes, photographs, general progress report forms, field notes, personal belongings
of the decedent, all inventoried items indicated in police records, and any other items related to
the arrest and death of the Plaintiff's decedent, JOHN J. COLEMAN, JR., including, but not
limited to the asp and taser used by the police officers, on July 11, 2010, shall be preserved as
evidence until further Order of this Court.

    2.    That any and all Cook County Medical Examiner reports, autopsy notes, tissue
slides, urine and blood samples, toxicology reports, field notes and any other materials related to

the July 11, 2010 death of the Plaintiff's decedent while in police custody, be preserved as evidence until further Order of this Court.

3.    That any and all Independent Police Review Authority investigative reports, witness statements, interview notes, videotapes obtained by surveillance cameras stationed in the vicinity of the arrest of the Plaintiff's decedent and video surveillance tapes at the Chicago Police Department 18th District headquarters on the night of July 10 – 11, 2010, field notes and other materials related to the July 11, 2010 death of the Plaintiff's decedent while in police custody, be preserved as evidence until further Order of this Court.

ENTERED: _____

JUDGE: _____

